IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DIANE REID, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: CV212-074 |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

## ORDER

Plaintiff filed Objections to the Magistrate Judge's Report dated December 14, 2012, which recommended that the decision of the Social Security Commissioner be affirmed. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

A review of Plaintiff's Objections indicates that she wishes this Court to reweigh the evidence presented to the Administrative Law Judge ("the ALJ"). But as the Magistrate Judge noted, this Court's role is to ensure that the ALJ's determination is supported by substantial evidence. The ALJ's determination, which became the final decision of the Commissioner for the Social Security Administration, is so supported.

In addition, Plaintiff argues that the Magistrate Judge "ignored" the pain standard used by the Court of Appeals for the Eleventh Circuit. (Doc. No. 20, p. 17). In support of this assertion Plaintiff argues that the Magistrate Judge "require[ed] both objective medical evidence of severity of the condition and objective medical evidence of the

severity of the limitation." (Id.). The pain standard was properly characterized by the Magistrate Judge as follows:

> In order to establish disability based on testimony of pain and other symptoms, a social security disability benefits claimant must show: (1) evidence of underlying medical condition; and (2) either (a) objective medical evidence confirming severity of alleged pain, or (b) that objectively determined medical condition could reasonably be expected to give rise to claimed pain. Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). Even if the administrative law judge finds that a claimant has met this standard, he may still reject the claimant's complaints of pain if he finds them not credible. See 20 C.F.R. § 404.1529(a), (c). If a plaintiff "testifies as to [her] subjective complaints of disabling pain and other symptoms, . . . the ALJ must clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms."[1] Dyer[ v. Barnhart], 395 F.3d [1206,] 1210 [(11th Cir. 2005)] (quoting Foote v. Chater, 67 F.3d 1553, 1561–62 (11th Cir.1995)). "Although this circuit does not require an explicit finding as to credibility, the implication must be obvious to the reviewing court." Id. (internal citation omitted). An ALJ's credibility determination need not "cite 'particular phrases or formulations'[,] but it cannot merely be a broad rejection which is 'not enough to enable [a reviewing court] to conclude that [the ALJ] considered [a plaintiff's] medical condition as a whole.'" Id. at 1210–11 (quoting Foote, 67 F.3d at 1561).

(Doc. No. 17, p. 6–7). The Magistrate Judge analyzed the ALJ's decision by applying that standard. As the Magistrate Judge stated, "[t]he ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged pain symptoms, but he did not find her statements regarding the intensity, persistence, and limiting effects of her pain symptoms to be credible." (Doc. No. 17, p. 7). Therefore, the ALJ determined that Plaintiff met the standard announced in Wilson. However, the ALJ's rejection of Plaintiff's complaints of pain as incredible was not in

---

[1] This requirement is not as stringent as it seems. The Court of Appeals for the Eleventh Circuit has upheld an administrative law judge's credibility finding regarding a claimant's testimony as to her limitations as sufficient, even when that finding is only implied, when "it is clear" and the administrative law judge "considered [the claimant's] subjective complaints in light of the record as a whole and adequately explained his decision not to fully credit [the claimant's] alleged limitations on her ability to work." Brown v. Comm'r of Soc. Sec., 442 F. App'x 507, 514 (11th Cir. 2011).

AO 72A
(Rev. 8/82)

error because the ALJ "clearly articulated 'explicit and adequate reasons for discrediting' Plaintiff's testimony." (Doc. No. 17, p. 8) (quoting Dyer, 395 F.3d at 1210). The ALJ applied the appropriate legal standard, and the Magistrate Judge applied the appropriate legal standard in evaluating the ALJ's decision.

Accordingly, Plaintiff's Objections are without merit and are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 12 day of March, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)